James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

*Attorneys for Plaintiff*
*Modion Maritime Management SA*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MODION MARITIME MANAGEMENT SA,
individually and on behalf of
M/V STEFANOS T (IMO No. 9583744),

                Plaintiff,

- against -

O.W. BUNKER MALTA LIMITED, O.W. BUNKER
MIDDLE EAST DMCC, GPS CHEMOIL LLC FZC,
CHEMOIL MIDDLE EAST DMCC, ING BANK
N.V.

                Defendants.

15 Civ. 8084 (VEC)

---

### [PROPOSED] PRELIMINARY INJUNCTION AND RESTRAINING ORDER

This Rule 9(h) maritime matter comes before the Court on the request for a Preliminary Injunction in the form of a Restraining Order pursuant to Fed. R. Civ. P. 65 by interpleader plaintiff Modion Maritime Management SA ("Modion"), individually and on behalf of the vessel M/V Stefanos T (the "Vessel"). Upon consideration of Application for a Preliminary Injunction, and the documents filed in this action, and;

WHEREAS Plaintiff has established the procedural prerequisites of a rule interpleader action pursuant to Fed. R. Civ. P. 22 in that 1) the plaintiff faces claims which expose it to multiple liability; 2) there is an independent basis for subject matter jurisdiction under 28 U.S.C. § 1333; and 3) this Court has personal jurisdiction over each of the defendant-claimants; and

WHEREAS on October 23, 2014 the sale and delivery of bunker fuel was made to the Vessel in Fujairah, U.A.E., and a corresponding invoice was issued by O.W. Bunker Malta Limited to Modion for fuel totaling the amount of $433,431.12 (the "Fuel Delivery"); and

WHEREAS Plaintiff has demonstrated that a restraining order is justified to protect Modion from multiple litigation against it for the same claims and against the Vessel *in rem* for the payment on the same fuel parcels; it is hereby

ORDERED that the claimants in this action are restrained and enjoined from instituting or prosecuting any proceeding affecting the property and *res* involved in this action of interpleader, including but not limited to the arrest or attachment of the vessel M/V Stefanos T pursuant to Supplemental Admiralty Rule C or Rule B or other laws to enforce claimants' maritime lien or other claims arising from the Fuel Delivery until the further order of the Court; and it is further

ORDERED that upon deposit of the funds into the Court's registry, such funds will stand as and shall be the substituted *res* for the Vessel and the maritime lien claims of any claimant arising from or related to the subject matter of this interpleader will be and are transferred from the Vessel to the funds on deposit and any claimant may assert a maritime lien or other claim in the District against the funds for payment on the Fuel Delivery, all subject to further litigation among the competing claimants; and it is further

ORDERED that the amount on deposit is deemed good and sufficient security for claimants' *in rem* maritime lien claims, constituting the invoiced amount plus 6% interest per annum as under Supplemental Admiralty Rule E(5)(a); and it is further

ORDERED that the amount on deposit is deemed good and sufficient security for the purposes of Fed. R. Civ. P. 65(c); and it is further

ORDERED that sufficient security in the total amount of $457,319.11 having been ordered deposited into the registry of the Court as substitute *res* and security for all claims arising for payment of the Fuel Delivery to the Vessel on October 23, 2014, further action against the Vessel or Modion shall not be brought anywhere in the world by any of the named defendants to secure or assert such claims; and it is further

ORDERED that if the claims have not been resolved by October 19, 2016, Plaintiff shall ~~may, upon further order of this Court, be required to~~ deposit an additional 6% of the invoiced amount to maintain adequate security through the substitute *res*; and it is further

ORDERED that Plaintiff shall serve a copy of this Order on each defendant; and it is further

ORDERED that if Plaintiff learns of any other claimant who intends to assert a claim related to the subject matter of this action, then Plaintiff will promptly serve a copy of this Order (and related papers) on such claimant who then will be bound thereby; and it is further

ORDERED that Plaintiff shall provide notice of this Order by email where possible and such notice shall be deemed good and sufficient; and it is further

ORDERED that any claimant may, upon proper motion allowing adequate time for briefing, request that this Order be set aside or modified.

This \_\_19\_\_ day of October, 2015

9:55 a.m

_____
United States District Judge