USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MODION MARITIME MANAGEMENT SA,
individually and on behalf of
M/V STEFANOS T (IMO No. 9583744),

               Plaintiff,

    - against -

O.W. BUNKER MALTA LIMITED, O.W. BUNKER
MIDDLE EAST DMCC, GPS CHEMOIL LLC FZC,
CHEMOIL MIDDLE EAST DMCC, ING BANK N.V.

               Defendants.

15 Civ. 8084 (VEC)

## STIPULATION TO ADOPT PROTECTIVE ORDER

COME NOW Interpleader Plaintiff Modion Maritime Management SA ("Plaintiff"), individually and on behalf of the M/V STEFANOS T (IMO No. 9583744) (the "Vessel"), GPS Chemoil LLC FZC, Chemoil Middle East DMCC (together with GPS Chemoil LLC FZC, "Chemoil"), and ING Bank N.V., as Security Agent under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated as of December 19, 2013 and the related English Omnibus Security Agreement, dated as of December 19, 2013, each between ING Bank and Defendant O.W. Bunker & Trading A/S ("O.W. Denmark") and certain of its affiliates ("ING" and, together with Plaintiff and Chemoil, the "Parties"), filing their Stipulation to Adopt Protective Order, and would respectfully show as follows:

WHEREAS, on December 7, 2015, the Court entered a Protective Order governing the production and/or use of documents, deposition testimony, deposition exhibits, responses to interrogatories, requests for admission, and all other information and material produced or

disclosed in discovery in various O.W. Bunker-related actions, including *Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.*, No. 14 Civ. 9287 (ECF No. 123) (the "O.W. Bunker Protective Order"), attached hereto as Exhibit A;

WHEREAS, on October 14, 2015, Plaintiff filed the above-captioned Complaint in Interpleader (Doc. 1), naming ING, Chemoil, and others as defendants;

NOW, IT IS HEREBY

STIPULATED AND AGREED, by and between the Parties hereto, that the O.W. Bunker Protective Order is incorporated by reference into the above-captioned proceeding, and shall govern information and material produced therein; and it is further

STIPULATED AND AGREED, that this Stipulation may be filed without further notice and, for the purposes of filing this Stipulation, this Stipulation may be executed in counterparts, which, when taken together, shall constitute the entire Agreement, and that signatures by facsimile and electronic mail should be considered by the Court the same as original signature.

Dated: New York, New York
February 22, 2021

By: _____

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, New York 10019
Telephone:  212-513-3494
Fax:  212-385-9010
Email:  james.power@hklaw.com
           marie.larsen@hklaw.com

*Attorneys for Interpleader Plaintiff Modion
Maritime Management SA, individually and on
behalf of the M/V STEFANOS T*

By: _____

Bruce G. Paulsen
Brian P. Maloney
Laura E. Miller
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  212-574-1200
Fax:  212-480-8421
Email:  paulsen@sewkis.com
           maloney@sewkis.com
           millerl@sewkis.com

*Attorneys for Defendant-Claimant
ING Bank N.V., as Security Agent*

By: _____

John R. Keough, IIII
George G. Cornell
Laura L. Gongaware
CLYDE & CO US LLP
405 Lexington Ave.
New York, New York 10174
Telephone:  212-710-3900
Fax:  212-710-3950
Email:  john.keough@clydeco.us
           george.cornell@clydeco.us
           laura.gongaware@clydeco.us

*Attorney for Defendant-Claimants GPS
Chemoil LLC FZC and Chemoil Middle East
DMCC*

Dated: New York, New York
      February 22, 2021

By: _____

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, New York 10019
Telephone:  212-513-3494
Fax:  212-385-9010
Email:  james.power@hklaw.com
        marie.larsen@hklaw.com

*Attorneys for Interpleader Plaintiff Modion*
*Maritime Management SA, individually and on*
*behalf of the M/V STEFANOS T*

By: _____

Bruce G. Paulsen
Brian P. Maloney
Laura E. Miller
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  212-574-1200
Fax:  212-480-8421
Email:  paulsen@sewkis.com
        maloney@sewkis.com
        millerl@sewkis.com

*Attorneys for Defendant-Claimant*
*ING Bank N.V., as Security Agent*

By: _____

John R. Keough, IIII
George G. Cornell
Laura L. Gongaware
CLYDE & CO US LLP
405 Lexington Ave.
New York, New York 10174
Telephone:  212-710-3900
Fax:  212-710-3950
Email:  john.keough@clydeco.us
       george.cornell@clydeco.us
       laura.gongaware@clydeco.us

*Attorney for Defendant-Claimants GPS*
*Chemoil LLC FZC and Chemoil Middle East*
*DMCC*

**SO ORDERED:**

**The O.W. Bunker Protective Order shall govern discovery in this proceeding.**

_Valerie Caproni_ _____

**Hon. Valerie E. Caproni**
**UNITED STATES DISTRICT JUDGE**

February 22, 2021
_____
**Dated**

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #:_____ | |
| DATE FILED:__12/04/2015__ | |

CLEARLAKE SHIPPING PTE LTD,

       Plaintiff,

   -against-

O.W. BUNKER (SWITZERLAND) SA, O.W.
BUNKER USA INC., O.W. BUNKER NORTH
AMERICA INC., O.W. BUNKER HOLDING
NORTH AMERICA INC., NUSTAR ENERGY
SERVICES INC., ING BANK N.V.,

       Defendants.

BONNY GAS TRANSPORT LIMITED, as owner
of the LNG FINIMA (IMO No. 7702401),

       Plaintiff,

   -against-

O.W. BUNKER GERMANY GMBH, NUSTAR
TERMINALS MARINE SERVICES N.V.,
NUSTAR ENERGY SERVICES, INC., ING
BANK N.V.,

       Defendants.

SHV GAS SUPPLY & RISK MANAGEMENT
SAS and EXMAR SHIPPING BVBA, as owner of
the WAREGEM (IMO No. 9659127),

       Plaintiffs,

   -against-

OW BUNKER USA, INC., OW BUNKER
HOLDING NORTH AMERICA INC., OW
BUNKER NORTH AMERICA INC., NUSTAR
ENERGY SERVICES, INC.,  ING BANK NV,

       Defendants.

**PROTECTIVE ORDER**

14-CV-9287  (VEC)

14-CV-9542  (VEC)

14-CV-9720  (VEC)

| | |
|---|---|
| NYK BULK & PROJECT CARRIERS LTD., individually and on behalf of M/V OCEAN FRIEND (IMO No. 9401829), | |
| Plaintiff, | 14-CV-10090 (VEC) |
| -against- | |
| O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., HARLEY MARINE GULF, INC., ING BANK N.V., | |
| Defendants. | |
| NIPPON KAISHA LINE LIMITED, individually and on behalf of M/V RIGEL LEADER (IMO No.9604940), | |
| Plaintiff, | |
| -against- | 14-CV-10091 (VEC) |
| O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., KIRBY INLAND MARINE LP, ING BANK N.V., | |
| Defendants. | |
| SK SHIPPING CO., LTD., and SK B&T PTE. LTD., individually and on behalf of M/V AZURIT (IMO No. 9551703), | |
| Plaintiffs, | |
| -against- | 15-cv-2141 (VEC) |
| NUSTAR ENERGY SERVICES, INC., O.W. BUNKER MIDDLE EAST DMCC, O.W. BUNKER USA INC., ING BANK N.V., | |
| Defendants. | |

       This agreed stipulation having been brought before the Court by the parties hereto

(together, the "Parties", and each a "Party") for the entry of a protective order limiting the

dissemination of confidential and/or proprietary documents and information to be produced by any Party or their respective counsel or by any non-party in the course of discovery in these matters to the extent set forth below; the agreed stipulation being necessary to facilitate the production, exchange, and disclosure of documents and information by the Parties and non-parties meriting confidential treatment; and the Parties through their respective counsel having stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS HEREBY ORDERED that:

1.      The Parties' agreement set forth herein (the "Agreement") shall govern the production and/or use of documents, deposition testimony, deposition exhibits, responses to interrogatories, requests for admission and all other information and material produced or disclosed in discovery ("Discovery Material") in the above-captioned actions (each an "Action" and collectively, the "Actions").

2.      Any Party to any of the Actions (or any non-party producing Discovery Material in an Action) (each, a "Producing Party") may designate as "Confidential" any Discovery Material disclosed to any other party (each, a "Receiving Party") that it reasonably and in good faith believes contains or constitutes: (i) non-public personal, confidential or commercially sensitive information; (ii) information constituting confidential research or business development; (iii) information kept confidential pursuant to law or regulation; (iv) information reasonably likely to cause undue harm to the reputation of, or embarrassment to, any individual; or (v) proprietary or competitively sensitive financial, technical, or commercial information (all information designated as such, including the document itself as well as the information therein, "Confidential Material").

3.      Any Producing Party may designate as "Highly Confidential" any Discovery Material disclosed to a Receiving Party that it reasonably and in good faith believes contains or constitutes: (i)  non-public proprietary information about a Party, (ii) non-public proprietary information about clients or customers of the Producing Party and any subsidiaries, affiliates or parent entities of the Producing Party, (iii) any information protected from public disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., or any other or similar state or federal law (or other applicable law or regulation) regarding the protection of private customer information, or (iv) any trade secret (all such information designated as such, including the document itself as well as the information therein, the "Highly Confidential Material").

4.      Discovery Material shall be used solely for the purposes of prosecuting or defending the Actions or any other action or proceeding (whether domestic or foreign) between or among one or more of the Parties related to claims for payment for the supply of marine bunkers, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

5.      Documents, interrogatories, requests for admission or other materials (apart from depositions or other pretrial testimony) shall be designated as Confidential by printing the legend "Confidential" on any page or response containing any Confidential Material. A Producing Party may designate Discovery Materials as Highly Confidential Material by applying the legend "Highly Confidential" to each page containing any Highly Confidential Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly

Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Materials.

6.    In the case of deposition testimony, the designation shall be made (a) by a statement on the record by counsel at the time of such disclosure; or (b) by written notice sent by counsel to all Parties within 30 days after receiving a copy of the transcript.

7.    Confidential Material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

(i)    counsel and in-house counsel who represent a Party to the Actions, including employees, staff and non-legal professionals of said counsel;

(ii)    actual or potential experts or consultants retained in the Actions by counsel for a Party or a Party to testify or otherwise assist with the Actions;

(iii)    anticipated or actual trial or deposition witnesses and their counsel, during the course of, or in preparation for, deposition or testimony, to the extent reasonably believed or expected to relate to their testimony;

(iv)    officers, employees, agents, or receivers of a Receiving Party or its insurance carrier whose access to Confidential Material is necessary to assist in the preparation and conduct of the prosecution or defense of the Actions;

(v)    any person who is identified as the author or addressee of a document;

(vi)    third-party contractors or vendors retained by counsel for a Party or a Party and engaged in copying, organizing, filing, coding, converting, storing or retrieving data;

(vii)    the Court, persons employed by the Court and any court reporter transcribing the testimony or argument at any hearing, trial, deposition or hearing in the Actions;

(viii)  a court of competent jurisdiction in a proceeding (*e.g.*, subpoena or appeal) commenced in connection with the Actions;

(ix)  any other person with the written consent of the Producing Party; and

(x)  any of the persons identified in subparagraphs (i) through (ix) above in any other action or proceeding between or among one or more of the Parties related to claims for payment for the supply of marine bunkers.

8.  Highly Confidential Material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

(i)  counsel who represent a Party to the Actions and in-house counsel who are primarily responsible for the Actions, including employees, staff and non-legal professionals of said counsel, provided that any such disclosure, summary, description or communication to such in-house counsel (or employees, staff and non-legal professionals of said counsel) is made only for the purpose of consulting with respect to the litigation of these Actions;

(ii)  actual or potential experts or consultants retained in the Actions by counsel for a Party or a Party to testify or otherwise assist with the Actions;

(iii)  anticipated or actual trial or deposition witnesses who are current employees of, or have been retained by, the Producing Party and their counsel, during the course of, or in preparation for, deposition or testimony, to the extent reasonably believed or expected to relate to their testimony;

(iv)  any person who is identified as the author or addressee of a document;

(v)  third-party contractors or vendors retained by counsel for a Party or a Party and engaged in copying, organizing, filing, coding, converting, storing or retrieving data;

(vi)  the Court, persons employed by the Court and any court reporter transcribing the testimony or

argument at any hearing, trial, deposition or hearing in the Actions;

(vii)   a court of competent jurisdiction in a proceeding (*e.g.*, subpoena or appeal) commenced in connection with the Actions;

(viii)  any other person with the written consent of the Producing Party; and

(ix)    any of the persons identified in subparagraphs (i) through (viii) above in any other action or proceeding between or among one or more of the Parties related to claims for payment for the supply of marine bunkers.

9.      Every person (other than those persons identified in subparagraphs 7(vii) and (viii) and subparagraphs 8(vi) or (vii) above) given access to Confidential or Highly Confidential Material shall be provided with a copy of this Agreement and advised that the information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than pursuant to its terms.  No disclosure of Confidential or Highly Confidential Material to such persons may occur prior to their execution of the Acknowledgement and Agreement appended hereto.

10.     Disclosure of Confidential or Highly Confidential Material without an appropriate designation shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality going forward, either as to the specific Confidential or Highly Confidential Material inadvertently disclosed or as to any other Discovery Material relating thereto on the same or related subject matter.  A Producing Party may amend its designation of Discovery Material as Confidential or Highly Confidential by providing copies of appropriately marked documents or information and requesting the return of documents or information not previously marked, or by such other means as may be agreed between counsel or ordered by the Court, with the effect that such Discovery Material is subject thereafter to the protections of this

Stipulation.  The Receiving Party, after being so notified, shall promptly return, sequester or destroy the specified Discovery Material and any copies it has and must take reasonable steps to retrieve the Discovery Material from any parties to whom the Receiving Party disclosed it before being notified.

11.     Inadvertent or unintentional production of any Discovery Material which a Producing Party later claims in good faith should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine, will not by itself be deemed to have waived any privilege.  A Producing Party may request the return of any inadvertently produced privileged Discovery Material by identifying the inadvertently produced Discovery Material and stating the basis for withholding such material from production.  The Receiving Party, after being so notified, shall promptly return, sequester or destroy the specified Discovery Material and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the Discovery Material from any parties to whom the Receiving Party disclosed it before being notified; and may promptly apply to the Court for a determination of the claim of privilege.  The Discovery Material over which a claim of privilege is made may not be used by the Receiving Party in connection with any application to the Court relating to whether the Discovery Material is privileged.

12.     If any Party objects to the designation of any Discovery Material as Confidential or Highly Confidential Material, the Party shall state the objection in writing to counsel for the Producing Party.  If the Parties are then unable to resolve the objection after a good faith effort to do so, the objecting party may move the Court to strike the designation. Until the Court rules on any such motion, the Discovery Materials shall continue to be deemed

Confidential or Highly Confidential Material, as the case may be, under the terms of this Agreement.

13.     Nothing herein shall be construed so as to prohibit a Receiving Party from disclosing Confidential or Highly Confidential Material in its possession in response to a lawful subpoena or compulsion of law, provided, however, that the Receiving Party, to the extent permitted by law, shall give prompt written notice of such subpoena or request to the Producing Party as soon as possible and before disclosing any such information or otherwise responding. The Receiving Party, to the extent permitted by law, shall not disclose such information for a period of at least five business days after providing such notice to the Producing Party.  Upon receipt of the written notice, the Producing Party shall be solely responsible for asserting any objection to the requested production.

14.     Unless otherwise agreed to by the Parties, within 60 days after the last judgment or dismissal of the Action(s) in which the relevant Discovery Material is produced becomes final and non-appealable, all persons who received Confidential or Highly Confidential Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Confidential or Highly Confidential Material and certify that fact by letter to the Producing Party's counsel.  Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and their respective exhibits, and attorney work product provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts and their respective exhibits, or attorney work product to any person except as required by law or pursuant to court order or agreement with the Producing Party or except in any other action or proceeding

between or among one or more of the Parties related to claims for payment for the supply of marine bunkers.

15.     Notwithstanding any other provision of this Agreement, (a) nothing herein shall limit a Party's or non-party's use or disclosure of its own Confidential or Highly Confidential Material; and (b) nothing herein shall limit the use or disclosure by a Party of documents, materials, or information lawfully obtained by such party independent of the discovery proceedings in the Actions.

16.     This Agreement shall not be deemed a waiver of:

(i)     Any Party's or non-party's right to object to any discovery requests on any ground;

(ii)    Any Party's right to seek an order compelling discovery with respect to any discovery request;

(iii)   Any Party's right in any proceeding to object to the admission of any evidence on any ground;

(iv)    Any Party's or non-party's right to use its own documents with complete discretion;

(v)     Any Party's or non-party's right to present a motion to the court for a separate protective order as to any particular Discovery Material; or

(vi)    Any Party's right to apply for an order from the Court allowing a person(s), other than those identified in paragraphs 7 and 8, access to Confidential or Highly Confidential Material.

17.     The provisions of this Agreement shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of each of the Actions.

18.     In the event an additional party joins or is joined in the Actions, it shall not have access to Confidential or Highly Confidential Material until the newly-joined party has

itself, or by its counsel executed and filed with the Court its agreement to be fully bound by this Stipulation.

19. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and performed therein, without giving effect to principles of conflicts of laws.

Dated: New York, New York

BLANK ROME, LLP

By: _____
    Thomas H. Belknap Jr.
    Keith B. Letourneau
    Kate B. Belmont
    405 Lexington Avenue
    New York, NY 10174-0208
    Tel: (212) 885-5000
    Fax: (212) 885-5001

*Attorneys for NuStar Energy Services, Inc.
and NuStar Terminals Marine Services, N.V.*

CHALOS & CO., P.C.

By _____
    George M. Chalos
    Kerri M. D'Ambrosio
    53 Hamilton Avenue
    Oyster Bay, NY 11771
    Tel: (516) 714-4300
    Fax: (516) 750-9051

*Attorneys for Exmar Shipping BVBA, as
owner of the WAREGEM*

HOLLAND & KNIGHT, LLP

By _____
    James H. Hohenstein
    James H. Power
    Marie E. Larsen
    31 West 52nd Street
    New York, NY 10019
    Tel: (212) 513-3200
*Attorneys for Clearlake Shipping Pte Ltd.,
Bonny Gas Transport Ltd., NYK Bulk &
Project Carriers Ltd. and Nippon Kaisha
Line Limited*

BURKE & PARSONS

By _____
    Keith W. Heard
    100 Park Avenue
    New York, NY 10017
    Tel: (212) 354-3800
    Fax: (212) 221-1432

*Attorneys for SK Shipping Co., Ltd.,
and SK D&T Pte. Ltd.*

SEWARD & KISSEL LLP

By _____
    Bruce G. Paulsen
    Brian P. Maloney
    One Battery Park Plaza
    New York, NY 10004
    Tel: (212) 574-1200
    Fax: (212) 480-8421

*Attorneys for ING Bank N.V., as Security Agent*

HILL RIVKINS, LLP

By _____
    Anthony J. Pruzinsky
    Justin M. Heilig
    45 Broadway, Suite 1500
    New York, NY 10006
    Tel: (212) 669-0600
    Fax: (212) 669-0698

and

11

itself, or by its counsel executed and filed with the Court its agreement to be fully bound by this
Stipulation.

19. This Agreement shall be governed by, and construed in accordance with,
the laws of the State of New York applicable to agreements made and performed therein, without
giving effect to principles of conflicts of laws.

Dated: New York, New York

BLANK ROME, LLP

By: _____
    Thomas H. Belknap, Jr.
    Keith B. Letourneau
    Kate B. Belmont
    405 Lexington Avenue
    New York, NY 10174-0208
    Tel: (212) 885-5000
    Fax: (212) 885-5001

*Attorneys for NuStar Energy Services, Inc.
and NuStar Terminals Marine Services, N.V.*

CHALOS & CO., P.C.

By _____
    George M. Chalos
    Kerri M. D'Ambrosio
    55 Hamilton Avenue
    Oyster Bay, NY 11771
    Tel: (516) 714-4300
    Fax: (516) 750-9051

*Attorneys for Exmar Shipping BVBA, as
owner of the WAREGEM*

HOLLAND & KNIGHT, LLP

By: _____
    James H. Hohenstein
    James H. Power
    Marie E. Larsen
    31 West 52nd Street
    New York, NY 10019
    Tel: (212) 513-3200
*Attorneys for Clearlake Shipping Pte Ltd.,
Bonny Gas Transport Ltd., NYK Bulk &
Project Carriers Ltd. and Nippon Kaisha
Line Limited*

BURKE & PARSONS

By: _____
    Keith W. Heard
    100 Park Avenue
    New York, NY 10017
    Tel: (212) 354-3800
    Fax: (212) 221-1432

*Attorneys for SK Shipping Co., Ltd.,
and SK B&T Pte. Ltd.*

SEWARD & KISSEL LLP

By: _____
    Bruce G. Paulsen
    Brian P. Maloney
    One Battery Park Plaza
    New York, NY 10004
    Tel: (212) 574-1200
    Fax: (212) 480-8421

*Attorneys for ING Bank N.V., as Security Agent*

HILL RIVKINS, LLP

By: _____
    Anthony J. Pruzinsky
    Justin M. Heilig
    45 Broadway, Suite 1500
    New York, NY 10006
    Tel: (212) 669-0600
    Fax: (212) 669-0698

and

11

itself, or by its counsel executed and filed with the Court its agreement to be fully bound by this Stipulation.

        19.    This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and performed therein, without giving effect to principles of conflicts of laws.

Dated: New York, New York

BLANK ROME, LLP

By: _____
      Thomas H. Belknap Jr.
      Keith B. Letourneau
      Kate B. Belmont
      405 Lexington Avenue
      New York, NY 10174-0208
      Tel: (212) 885-5000
      Fax: (212) 885-5001

*Attorneys for NuStar Energy Services, Inc.*
*and NuStar Terminals Marine Services, N.V.*

CHALOS & CO., P.C.

By _____
      George M. Chalos
      Kerri M. D'Ambrosio
      53 Hamilton Avenue
      Oyster Bay, NY 11771
      Tel: (516) 714-4300
      Fax: (516) 750-9051

*Attorneys for Exmar Shipping BVBA, as*
*owner of the WAREGEM*

HOLLAND & KNIGHT, LLP

By: ~~James Hohenstein BMy~~
      James H. Hohenstein
      Marie E. Larsen
      31 West 52nd Street
      New York, NY 10019
      Tel: (212) 513-3200

*Attorneys for Clearlake Shipping Pte Ltd.*

BURKE & PARSONS

By: _____
      Keith W. Heard
      100 Park Avenue
      New York, NY 10017
      Tel: (212) 354-3800
      Fax: (212) 221-1432

*Attorneys for SK Shipping Co., Ltd.,*
*and SK B&T Pte. Ltd.*

SEWARD & KISSEL LLP

By: _____
      Bruce G. Paulsen
      Brian P. Maloney
      One Battery Park Plaza
      New York, NY 10004
      Tel: (212) 574-1200
      Fax: (212) 480-8421

*Attorneys for ING Bank N.V., as Security Agent*

HILL RIVKINS, LLP

By: _____
      Anthony J. Pruzinsky
      Justin M. Heilig
      45 Broadway, Suite 1500
      New York, NY 10006
      Tel: (212) 669-0600
      Fax: (212) 669-0698

and

11

MONTGOMERY MCCRACKEN,
WALKER & RHOADS, LLP

By: _____
   Vincent M. DeOrchis
   Davis L. Wright
   Robert E. O'Connor
   Kaspar Kielland
   437 Madison Avenue
   New York, NY 10022
   Tel: (212) 201-1931

*Attorneys for O.W. Bunker USA Inc., O.W.*
*Bunker North America Inc. and O.W. Bunker*
*Holding North America, Inc.*

REED SMITH LLP

By: _____
   Andrea Pincus
   599 Lexington Avenue
   New York, NY 10022
   Tel: (212) 521-5400
   Fax: (212) 521-5450

*Attorneys for SHV Gas Supply & Risk*
*Management SAS*

MCDERMOTT WILL & EMERY

By: _____
   Timothy W. Walsh
   Darren Azman
   340 Madison Avenue
   New York, New York 10173-1922
   Tel: (212) 547-5400
   Fax: (212) 547-5444

*Attorneys for O.W. Bunker Germany GmbH*

MOUND COTTON WOLLAN &
GREENGRASS, LLP

By: _____
   Francis A. Montbach
   Sara N. Lewis
   One New York Plaza
   New York, NY 10004
   Tel: (212) 804-4200
   Fax: (212) 344-8066

*Attorneys for Harley Marine Gulf, Inc., Kirby*
*Inland Marine, LP, Harley Marine Services,*
*Inc., Westoil Marine Services, Inc. and Harley*
*Marine NY, Inc.*

Dated this _____ day of November, 2015

_____
UNITED STATES DISTRICT COURT JUDGE

MONTGOMERY MCCRACKEN,
WALKER & RHOADS, LLP

By: _____
    Vincent M. DeOrchis
    Davis L. Wright
    Robert E. O'Connor
    Kaspar Kielland
    437 Madison Avenue
    New York, NY 10022
    Tel: (212) 201-1931

*Attorneys for O.W. Bunker USA Inc., O.W.
Bunker North America Inc. and O.W. Bunker
Holding North America, Inc.*

REED SMITH LLP

By: _____
    Andrea Pincus
    599 Lexington Avenue
    New York, NY 10022
    Tel: (212) 521-5400
    Fax: (212) 521-5450

*Attorneys for SHV Gas Supply & Risk
Management SAS*

MCDERMOTT WILL & EMERY

By: _____
    Timothy W. Walsh
    Darren Azman
    340 Madison Avenue
    New York, New York 10173-1922
    Tel: (212) 547-5400
    Fax: (212) 547-5444

*Attorneys for O.W. Bunker Germany GmbH*

MOUND COTTON WOLLAN &
GREENGRASS, LLP

By: _____
    Francis A. Montbach
    Sara N. Lewis
    One New York Plaza
    New York, NY 10004
    Tel: (212) 804-4200
    Fax: (212) 344-8066

*Attorneys for Harley Marine Gulf, Inc., Harley
Marine Services, Inc., Westoil Marine Services,
Inc. and Harley Marine NY, Inc.*

    This Protective Order and the attached Acknowledgment and Agreement form shall
apply in all related actions under lead civil case, UPT Pool Ltd. v. Dynamic Oil
Trading (Singapore) Pte. Ltd. et al., 14-CV-9262 (S.D.N.Y.) (VEC). Counsel of
record, being bound by the Protective Order, shall not be required to complete the
Acknowledgment and Agreement form in handling materials covered under this Order.

        SO ORDERED.

        HON. VALERIE CAPRONI
        UNITED STATES DISTRICT JUDGE

        Date: 12/04/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEARLAKE SHIPPING PTE LTD,<br><br>          Plaintiff,<br><br>    -against-<br><br>O.W. BUNKER (SWITZERLAND) SA, O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., NUSTAR ENERGY SERVICES INC., ING BANK N.V.,<br><br>         Defendants. | **PROTECTIVE ORDER ACKNOWLEDGMENT AND AGREEMENT**<br><br>14-CV-9287  (VEC) |
| BONNY GAS TRANSPORT LIMITED, as owner of the LNG FINIMA (IMO No. 7702401),<br><br>         Plaintiff,<br><br>    -against-<br><br>O.W. BUNKER GERMANY GMBH, NUSTAR TERMINALS MARINE SERVICES N.V., NUSTAR ENERGY SERVICES, INC., ING BANK N.V.,<br><br>         Defendants. | 14-CV-9542  (VEC) |
| SHV GAS SUPPLY & RISK MANAGEMENT SAS and EXMAR SHIPPING BVBA, as owner of the WAREGEM (IMO No. 9659127),<br><br>         Plaintiffs,<br><br>    -against-<br><br>OW BUNKER USA, INC., OW BUNKER HOLDING NORTH AMERICA INC., OW BUNKER NORTH AMERICA INC., NUSTAR ENERGY SERVICES, INC.,  ING BANK NV,<br><br>         Defendants. | 14-CV-9720  (VEC) |

NYK BULK & PROJECT CARRIERS LTD.,
individually and on behalf of M/V OCEAN
FRIEND (IMO No. 9401829),

|                                          |                      |
|------------------------------------------|----------------------|
| Plaintiff,                               | 14-CV-10090 (VEC)    |
| -against-                                |                      |

O.W. BUNKER USA INC., NUSTAR ENERGY
SERVICES, INC., HARLEY MARINE GULF,
INC., ING BANK N.V.,

Defendants.

NIPPON KAISHA LINE LIMITED, individually
and on behalf of M/V RIGEL LEADER (IMO
No.9604940),

Plaintiff,

-against-                                   14-CV-10091 (VEC)

O.W. BUNKER USA INC., NUSTAR ENERGY
SERVICES, INC., KIRBY INLAND MARINE
LP, ING BANK N.V.,

Defendants.

SK SHIPPING CO., LTD., and SK B&T PTE.
LTD., individually and on behalf of M/V AZURIT
(IMO No. 9551703),

Plaintiffs,

-against-                                   15-cv-2141 (VEC)

NUSTAR ENERGY SERVICES, INC., O.W.
BUNKER MIDDLE EAST DMCC, O.W.
BUNKER USA INC., ING BANK N.V.,

Defendants.

I, _____, acknowledge that I have read and understand the

Protective Order in the above-captioned actions (the "Actions") governing the non-disclosure of

those portions of Discovery Material that have been designated as Confidential in one or more of the Actions.  I agree that I will not disclose such Confidential or Highly Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the Action or Actions in which the relevant Confidential or Highly Confidential Material was produced, I will return it to the party or attorney from whom I received it in accordance with the Protective Order.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

SK 28644 0001 6898558